**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

*Attorneys for Plaintiff*

| | |
|---|---|
| Francisco Delgado,<br><br>            *Plaintiff,*<br><br>     - vs. -<br><br>GTR 2 Corporation, d/b/a GTR2 Corporation, d/b/a GTR2 Corp, d/b/a GTR2 Corp. Tire Shop, d/b/a G.T.R 2 CORP., and Robert "Doe",<br><br>          *Defendants.* | **DOCKET NO. 1:25-cv-00946**<br><br><br>**COMPLAINT** |

Plaintiff Francisco Delgado, by and through his undersigned attorneys, for his complaint against defendants GTR 2 Corporation, d/b/a GTR2 Corporation, d/b/a GTR2 Corp, d/b/a GTR2 Corp. Tire Shop, d/b/a G.T.R 2 CORP., and Robert "Doe", (collectively, "Defendants"), alleges as follows:

1

## NATURE OF THE ACTION

1.    Plaintiff Francisco Delgado alleges under 29 U.S.C. § 216(b), that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which he did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the Defendants' violations lacked a good faith basis.

2.    Plaintiff further complains that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) back wages for overtime work for which the Defendants willfully failed to pay overtime premium pay, as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations;(iii) liquidated damages pursuant to the NYLL for these violations; and (iv) statutory damages for the Defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.    Plaintiff Francisco Delgado ("Plaintiff") is an adult individual residing in Corona, New York.

4.    Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

5.    At all times relevant herein, defendant GTR 2 Corporation, d/b/a GTR2 Corporation, d/b/a GTR2 Corp, d/b/a GTR2 Corp. Tire Shop, d/b/a G.T.R 2 CORP., has been a domestic business corporation organized under the law of the State of New York (hereinafter referred

2

to as "GTR2 Corp. Tire Shop") with a principal place of business at 10333 Astoria Boulevard, East Elmhurst, NY 11369.

6.    At all times relevant herein, defendant GTR2 Corp. Tire Shop has been and continued to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7.    Upon information and belief, at all relevant times, defendant GTR2 Corp. Tire Shop has had gross revenues in excess of $500,000.00.

8.    Upon information and belief, at all relevant times herein, defendant GTR2 Corp. Tire Shop has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

9.    At all times relevant herein, defendant Robert "Doe" is/was an owner or part owner and principal of GTR2 Corp. Tire Shop, who has the power to hire and fire employees, set wages and schedules, and maintain their records, including Plaintiff.

10.    At all times relevant herein, Defendant Robert "Doe" was involved in the day-to-day operations of GTR2 Corp. Tire Shop, and played an active role in managing its business, including managing and supervising Plaintiff.

11.    At all relevant times herein, Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

3

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

13.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendants' business has been located in this district.

## FACTS

14.    At all relevant times herein, defendants GTR2 Corp. Tire Shop and Robert "Doe", owned and operated a tire store located at 10333 Astoria Boulevard, East Elmhurst, NY 11369, under the name GTR2 Corp. Tire Shop.

15.    The Plaintiff was employed at GTR2 Corp. Tire Shop from approximately February 2022 until January 15, 2025, and had duties such as changing tires of vehicles and selling tires.

16.    Plaintiff's work for GTR2 Corp. Tire Shop was performed in the normal course of defendant GTR2 Corp. Tire Shop's business, was integrated into its business, and did/does not involve executive or administrative responsibilities.

17.    At all relevant times herein while employed at GTR2 Corp. Tire Shop, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

18. Plaintiff's schedule at GTR2 Corp. Tire Shop, from February 2022 until January 15, 2025, Plaintiff worked a regular schedule of six days per week, from 10:00 a.m. to 8:00 p.m. on Monday and Friday, from 12:00 a.m. to 9:00 p.m. on Tuesday, from 12:00 a.m. to 8:00 p.m. on Wednesday and Thursday, and from 8:00 a.m. to 6:00 p.m. on Sunday multiple times per month, with Saturday off.

19. Consequently, from February 2022 until January 15, 2025, Plaintiff was typically working at GTR2 Corp. Tire Shop, 55 hours per week.

20. Plaintiff was paid at a rate of $480 per week in cash in 2022. From February 2023 to 2025, Plaintiff was paid $640 per week without discounts and $563 per week with discounts, as reflected in the paystubs.

21. Plaintiff's effective hourly rates of pay throughout his employment by Defendants were below the statutory New York City minimum wage in effect at relevant times.

22. Defendants' failure to pay Plaintiff an amount at least equal to the New York State minimum wage in effect during relevant time periods was willful and lacked a good faith basis.

23. In addition, the Defendants failed to pay Plaintiff overtime compensation for all of the additional hours he worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

24. Defendants' failure to pay Plaintiff the overtime bonus for additional overtime hours he worked was willful and lacked a good

faith basis.

25.    Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act - including, inter alia, the Defendants' contact information, the regular and overtime rates, and intended allowances claimed - and failed to obtain Plaintiff's signature acknowledging the same, upon Plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

26.    Defendants failed to provide Plaintiff with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

27.    Upon information and belief, while the Defendants employed Plaintiff, and throughout all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to him.

28.    Upon information and belief, while the Defendants employed Plaintiff, and throughout all relevant time periods, the Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

### COUNT I
### (New York Labor Law - Minimum Wage)

29.    Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

30.    At all relevant times, Plaintiff was employed by Defendants

within the meaning of the New York Labor Law, §§ 2 and 651.

31. Defendants willfully violated Plaintiff's rights by failing to pay his compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

32. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

33. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II
### (Fair Labor Standards Act – Overtime)

34. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

35. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

36. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for each of the hours they worked in excess of forty hours per workweek.

37. As a result of Defendants' willful failure to compensate

Plaintiff at a rate at least one-and-one-half times the regular rate of pay for each hour of work performed in excess of forty hours per workweek, the Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

38.   The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

39.   Due to Defendants' FLSA violations, Plaintiff is entitled to recover from the Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT III
### (New York Labor Law - Overtime)

40.   Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

41.   At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

42.   Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

43.   Defendants' failure to pay Plaintiff overtime was willful,

and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

44. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IV**
**(New York Labor Law – Wage Theft Prevention Act)**

45. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

46. At all relevant times herein, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

47. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

48. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

49. Due to the Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day, for each day of his employment by Defendants, up to the maximum

statutory damages.

50.    Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day for each day of his employment by Defendants, up to the maximum statutory damages.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d.  Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

e.  Liquidated damages for the Defendants' New York Labor Law violations;

f.  Statutory damages for the Defendants' violation of the New York Wage Theft Prevention Act;

g.  Back pay;

h.  Punitive damages;

i.  An award of prejudgment and postjudgment interest;

j.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.  Such other, further, and different relief as this Court deems just and proper.

Dated: February 19, 2025

/s/ Michael Samuel
Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway - Suite 6085
New York, New York 10018
(212) 563-9884
*Attorneys for Plaintiff*
