UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    Civ. Act. No. 25-cv-00946 (OEM-PK)
------------------------------------------------------------- X

FRANCISCO DELGADO,                                            **ANSWER**

                    Plaintiff,

              -against-

GTR-2 Corporation, d/b/a, GTR2 Corporation,
d/b/a GTR2 Corp., Tire Shop, d/b/a/ G.T.R. 2
Corp., and Robert "Doe",

                    Defendants.
------------------------------------------------------------- X

        Defendants, GTR-2 Corporation, d/b/a, GTR2 Corporation, d/b/a GTR2 Corp.,

Tire Shop, d/b/a/ G.T.R. 2 Corp., and Robert Tume, sued herein as Robert "Doe", by and through

their attorneys, the Law Offices of James L. Iannone, P.C., answers the Plaintiffs' complaint as

follows:

    1.      Defendants deny the allegations contained in paragraph "1" of the complaint.

    2.      Defendants deny the allegations contained in paragraph "2" of the complaint.

    3.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3."

    4.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4."

    5.      Defendants admit the allegations contained in Paragraph "5" of the complaint.

    6.      Defendants admit the allegations contained in Paragraph "6" of the complaint.

    7.      Defendants deny the allegations contained in paragraph "7" of the complaint.

    8.      Defendants admit the allegations contained in Paragraph "8" of the complaint.

9.      Defendants admit that allegations contained in Paragraph "9" of the complaint, and that Robert "Doe" is Robert "Tume."

10.     Defendants admit that allegations contained in Paragraph "10" of the complaint, and that Robert "Doe" is Robert "Tume."

11.     Defendants neither admit nor deny the allegations contained in Paragraph "11" of the complaint, in that the allegation calls for a legal conclusion.

12.     Defendants neither admit nor deny the allegations contained in Paragraph "12" of the complaint, in that the allegation calls for a legal conclusion.

13.     Defendants admit the allegations contained in Paragraph "13" of the complaint.

14.     Defendants admit the allegations contained in Paragraph "14" of the complaint.

15.     Defendants deny the allegations contained in Paragraph "15" of the complaint, except admit that Plaintiff was employed from approximately February 2023 to January 15, 2025.

16.     Defendants admit the allegations contained in Paragraph "16" of the complaint.

17.     Defendants neither admit nor deny the allegations contained in Paragraph "11" of the complaint, in that the allegation calls for a legal conclusion.

18.     Defendants deny the allegations contained in paragraph "18" of the complaint.

19.     Defendants deny the allegations contained in paragraph "18" of the complaint.

20.     Defendants deny the allegations contained in Paragraph "20" of the complaint.

21.     Defendants deny the allegations contained in Paragraph "21" of the complaint.

22.     Defendants deny the allegations contained in Paragraph "22" of the complaint.

23.     Defendants deny the allegations contained in Paragraph "23" of the complaint

24.     Defendants deny the allegations contained in Paragraph "24" of the complaint.

25.     Defendants deny the allegations contained in Paragraph "25" of the complaint.

26. Defendants deny the allegations contained in paragraph "26" of the complaint.

27. Defendants deny the allegations contained in paragraph "27" of the complaint.

28. Defendants deny the allegations contained in paragraph "28" of the complaint.

29. Defendants repeat and reiterate each and every answer contained in Paragraphs "1" to "28" as if fully set forth herein.

30. Defendants neither admit nor deny the allegations contained in Paragraph "30" of the complaint, in that the allegation calls for a legal conclusion.

31. Defendants deny the allegations contained in Paragraph "31" of the complaint.

32. Defendants deny the allegations contained in Paragraph "32" of the complaint.

33. Defendants deny the allegations contained in Paragraph "33" of the complaint.

34. Defendants repeat and reiterate each and every answer contained in Paragraphs "1" to "33" as if fully set forth herein.

35. Defendants deny the allegations contained in Paragraph "35" of the complaint

36. Defendants deny the allegations contained in Paragraph "36" of the complaint.

37. Defendants deny the allegations contained in paragraph "37" of the complaint.

38. Defendants deny the allegations contained in paragraph "38" of the complaint.

39. Defendants deny the allegations contained in paragraph "39" of the complaint.

40. Defendants repeat and reiterate each and every answer contained in Paragraphs "1" to "39" as if fully set forth herein

41. Defendants neither admit nor deny the allegations contained in Paragraph "41" of the complaint, in that the allegation calls for a legal conclusion.

42. Defendants deny the allegations contained in paragraph "42" of the complaint.

43. Defendants deny the allegations contained in paragraph "43" of the complaint.

44.    Defendants deny the allegations contained in paragraph "44" of the complaint.

45.    Defendants repeat and reiterate each and every answer contained in Paragraphs "1" to "44" as if fully set forth herein.

46.    Defendants neither admit nor deny the allegations contained in Paragraph "46" of the complaint, in that the allegation calls for a legal conclusion

47.    Defendants deny the allegations contained in paragraph "47" of the complaint.

48.    Defendants deny the allegations contained in paragraph "48" of the complaint.

49.    Defendants deny the allegations contained in paragraph "49" of the complaint.

50.    Defendants deny the allegations contained in paragraph "50" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

51.    Plaintiff's complaint fails to state a cause of action upon which a claim for relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

52.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

53.    Defendants invoke all of the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FSLA") and the New York State Labor Law ("NYLL").

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

54.    At all times, Defendants acted in good faith and has reasonable grounds to believe their actions were in compliance with the FSLA and/or the NYLL.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

55.    Defendants did not know or show reckless disregard as to whether their conduct was prohibited by the FSLA and/or the NYLL.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

56.    Without assuming the burden of proof, Defendants aver that Plaintiff never worked in excess of 40 hours in any particular workweek while employed by Defendants.

### AS AND FOR A SEVENH AFFIRMATIVE DEFENSE

57.    Without assuming the burden of proof, Defendants complied with all recordkeeping requirements of the under the FLSA and/or the New York State Labor Law.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

58.    Plaintiff has failed to mitigate his alleged damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

59.    Plaintiff's claim is barred by the doctrines of waiver, estoppel, and laches.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

60.    Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

61.    Plaintiffs' claims are refuted by documentary evidence.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

62.    Defendants reserve the right to assert further affirmative defenses as they become evident through the course of discovery in this action.

**WHEREFORE**, Defendants demands judgment dismissing all of Plaintiff's claims with prejudice, and such other and further relief, including costs, disbursements, and attorney's fees, be awarded to Defendant.

Dated: Williston Park, New York
March 20, 2025

Respectfully submitted,

*/s/ James L. Iannone*
JAMES L. IANNONE (JI 4678)
Law Offices of James L. Iannone, P.C.
421 Willis Avenue
Williston Park, NY 11596
(516) 307-1590
james@jamesiannonelaw.com
*Attorneys for Defendants*